# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2388

_____

Jonathan D. Smith

*Plaintiff - Appellant*

v.

State of Missouri; City of St. Louis; MSI/Workhouse; Corrections Medical Services, Corizon; Dean Minor; Matthew W. Huckeby; Sarah Johnson; Alison Bischoff; Jennifer Joyce; Mark Meyer; David Brown; John Nocchiero; Donnell W. Tanksley; Amy Sandler; Evans Buchheim; Sheriff Department; Robin Carnahan; Russell Carnahan; Moberly Mailroom

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

_____

Submitted: October 22, 2015
Filed: October 30, 2015
[Published]

_____

Before LOKEN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jonathan Smith appeals from the order of the District Court dismissing his civil action without prejudice. The District Court construed Smith's motion to proceed

in forma pauperis on appeal as also seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. The court then determined that it lacked jurisdiction to rule on the request for Rule 60(b) relief because Smith had simultaneously filed a notice of appeal (NOA). We agree that the motion should be construed as seeking Rule 60(b) relief, but we hold that the District Court was mistaken in believing that it lacked authority to rule on the motion, which was filed within 28 days of the district court's order. See Fed. R. App. P. 4(a)(4)(A)(vi) (the time to appeal runs from the date of the order disposing of a Rule 60 motion if that motion is filed within 28 days of the judgment), 4(a)(4)(B)(i) (if a party files a NOA after judgment is entered but before the district court disposes of a timely Rule 60 motion, the NOA becomes effective upon entry of an order disposing of the pending motion); see also, Miles v. Gen. Motors Corp., 262 F.3d 720, 722 (8th Cir. 2001) (noting that a notice of appeal filed while a postjudgment motion is pending in the district court "is treated as merely dormant" until that court rules on the motion). Because Smith's NOA will not become effective until after the District Court has ruled on his request for Rule 60(b) relief, we lack jurisdiction over the appeal at this time. We will take up Smith's now-dormant appeal, and his pending appellate motions, after the District Court has ruled on the postjudgment motion and the appeal ripens. See Miles, 262 F.3d at 722.

The District Court is directed to forward its order ruling on the postjudgment motion to the clerk of this court.

_____